# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL HERNANDEZ, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No.:  23-cv-1850-LKG |
| WARDEN C. CARTER, | ) Dated: August 29, 2024 |
| Respondent. | ) |

## MEMORANDUM

Petitioner Michael Hernandez, a federal inmate, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking earned time credits under the First Step Act.  ECF No. 1.  Respondent Warden C. Carter of the Federal Correctional Institution in Cumberland, Maryland filed a Motion to Dismiss or, in the Alternative, for Summary Judgment.  ECF No. 7. Hernandez opposes the Motion.  ECF No. 9.  Having reviewed the Petition and Motion, the Court finds that no hearing is necessary.  Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6 (2023).  For the reasons set forth below, the Court will grant Respondent's Motion.

## I.    BACKGROUND

Hernandez is serving an aggregate 57-month term of imprisonment followed by two years' supervised release pursuant to his conviction in the United States District Court for the Northern District of Indiana.  ECF No. 7-2 at ¶ 4; ECF No. 7-3 at 2.  Hernandez was convicted for felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  ECF No. 7-3 at 2. Hernandez's projected release date is February 13, 2025.  ECF No. 7-2 at ¶ 4; ECF No. 7-3 at 1.

Hernandez was reviewed for time credit eligibility on April 10, 2022, and was found eligible to earn time credits.  ECF No. 7-2 at ¶ 6.  Since entering Bureau of Prisons ("BOP") custody on March 21, 2022, Hernandez has had three risk assessments pursuant to the Prisoner Assessment Tool Targeting Estimated Risk and Need ("PATTERN"); at each, he was evaluated as a high-risk inmate.  *Id.* at ¶ 7; ECF No. 7-6.  On July 31, 2023, Hernandez's time credits were automatically calculated finding that he had accrued 160 days of time credits which can be

applied towards Hernandez's release once he reaches a low or minimum risk level.  ECF No. 7-2 at ¶ 8; ECF No. 7-7.

Hernandez asserts that he is being denied First Step Act ("FSA"), 18 U.S.C. § 3621, *et seq.*, time credits because the BOP is wrongly finding that his conviction under 18 U.S.C. § 922(g) is a crime of violence.  ECF No. 1 at 7.  Hernandez states that 18 U.S.C. § 16 determined the elements which makes a crime a crime of violence.  *Id.*  He requests that the Court order the BOP to grant him his FSA credits and "subtract the 5 pts [he] obtained for the 18 USC § 922(g) for crime of violence."  *Id.*  Respondent contends that Hernandez's high PATTERN score has been correctly calculated which makes him ineligible to have his earned FSA time credits applied towards prerelease or supervised release.  ECF No. 7 at 5, 7.

## II.    ANALYSIS

Only the Attorney General, acting through the BOP, may administer a federal inmate's sentence.  *See* 18 U.S.C. § 3621; *United States v. Wilson*, 503 U.S. 329, 335 (1992).  This includes determining where an inmate serves his sentence as well as time credit.  *See* 18 U.S.C. § 3621(b); *Wilson*, 503 U.S. at 335.  "A claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself."  *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  Such challenges must be brought in a petition for habeas corpus relief under 28 U.S.C. § 2241 in a prisoner's district of confinement.  *Id.*.; *Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) (recognizing "attacks on the execution of a sentence are properly raised in a § 2241 petition") (internal quotation and citation omitted).

Relevant here, the FSA allows inmates to earn early release credits for participation in certain programming.  *See Torok v. Beard*, No. CV PX-21-1864, 2022 WL 2703836, at *1 (D. Md. July 12, 2022); *Llufrio v. Johns*, No. 5:19-CV-122, 2020 WL 5248556, at *2 (S.D. Ga. Aug. 13, 2020); *see also* 18 U.S.C. § 3621(h).  The FSA was enacted on December 21, 2018.  *See* 18 U.S.C. § 3632.  Within 210 days of enactment, the Attorney General was charged with developing and releasing a Risk and Needs Assessment System ("the System").  *Id.*  The System is for:  (1) determining an inmate's risk of recidivism; (2) assessing an inmate's risk of violence or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programs appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PAs") as needed; (6) determining when to provide incentives and rewards for

successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release.  *See* § 3632(a).  Further, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs."  *Kurti v. White*, No. 1:19-CV-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).  The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  *See* 18 U.S.C. § 3632(d)(4)(A).

In accordance with the FSA, the BOP implemented PATTERN to identify each inmate's needs and risk profile related to possible recidivism.  An inmate may be eligible to participate in need-specific programming to earn credit toward early placement in pre-release custody.  *See The First Step Act of 2018: Risk and Needs Assessment System—UPDATE*, Jan. 2020, available at https://www.bop.gov/inmates/fsa/docs/the-first-step-act-of-2018-risk-and-needs-assessment-system-updated.pdf (last visited Aug. 28, 2024).  Each level of recidivism risk is assigned a range of points depending on gender and whether the inmate was convicted of a violent offense.  *Id.*  Based on this information, PATTERN assigns one of four "risk of recidivism" scores: minimum, low, medium, or high.  *Id.*; *see also* Male Pattern Risk Scoring, available at https://www.bop.gov/inmates/fsa/docs/male_pattern_form.pdf (last visited Aug. 28, 2024).  Inmates, however, cannot begin having these earned time credits applied to their sentence until they attain either a low or minimum risk level on the PATTERN.  *See* Bureau of Prisons, Program Statement 5410.01 CN-2, *First Step Act of 2018—Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, Mar. 10, 2023, available at https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 28, 2024).

Liberally construing the Petition, Hernandez is contending that his underlying conviction is not a crime of violence under 18 U.S.C. § 16 and therefore additional PATTERN points should not have been added to his score for having been convicted of a violent offense and his earned time credits should be applied.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A court liberally construes a pro se party's filing and holds it to a less stringent standard than an attorney's filing.").  Plaintiff asserts that 18 U.S.C. § 16[1] "contains elements in which courts

---

[1] This section defines "crime of violence" as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony

consider what crime are in fact crimes of violence." ECF No. 1 at 7. However, this statutory definition does not apply to PATTERN risk assessments, which is not dictated by statute. Rather, BOP determined in creating PATTERN that certain federal crimes would constitute "violent offenses" for the purposes of the risk assessment, which includes firearms offenses under 18 U.S.C. § 922. *See* Violent Offense Codes for PATTERN Risk Assessment, available at https://www.bop.gov/inmates/fsa/docs/fsa_pattern_violent_offense_codes.pdf (last visited Aug. 28, 2024). BOP has discretion under the FSA to determine Hernandez's risk of recidivism and has done so by creating PATTERN and classifying convictions under 18 U.S.C. § 922(g) as violent offenses for the purposes of PATTERN assessments. Thus, as BOP correctly accounted for Hernandez's violent offense, he is not entitled to have his score recalculated.

Even though Hernandez currently carries a high PATTERN score, he is still eligible to receive earned time credits under 18 U.S.C. § 3632(d) because his conviction is not a disqualifying offense. *See* 18 U.S.C. § 3632(d)(4)(D). However, due to his high PATTERN score, Hernandez cannot have those earned time credits applied to his sentence.[2] 18 U.S.C. § 3624(g)(1)(B) (eligible prisoners have "shown through the periodic risk reassessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk, during the prisoner's term of imprisonment."). As such, Hernandez is not entitled to habeas relief.

## III.   CONCLUSION

For the reasons set forth above, the Court will grant Respondent's Motion to Dismiss, or in the Alternative for Summary Judgment. A separate Order follows.

August 30, 2024
Date

LYDIA KAY GRIGGSBY
United States District Judge

---

and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

[2] Respondent notes that even if Hernandez's conviction did not constitute a "violent offense," his PATTERN score would still be assessed at medium and he would remain ineligible to have his FSA credits applied to his sentence. ECF No. 7 at 10, n.4.